GEKP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BURRIS, | Civil Action No. 2:16-cv-00543-GEKP |
| *Plaintiff*, | |
| .v. | |
| MAIN LINE HEALTH SYSTEM and SAINT CHARLES BORROMEO ROMAN CATHOLIC SEMINARY, | |
| *Defendants*. | |

FILED

MAY — 3 2016

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

### STIPULATED CONFIDENTIALITY ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between plaintiff William Burris and

defendants, Main Line Health System and Saint Charles Borromeo Roman Catholic Seminary,

through the undersigned counsel, the parties to this Confidentiality Order (collectively the

"Parties"), as follows:

1.     Any party to this litigation and any third-party responding to a discovery request

shall have the right to designate as "Confidential" and subject to this Order any information,

document, or thing, or portion of any document or thing, whether produced by a party to this

litigation or by a third party responding to a discovery request: (a) that contains private or

confidential personal information, or (b) that contains private or confidential business

information, or (c) which the designating party otherwise believes in good faith to be entitled to

protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party wishing to

designate any information, document or thing, or any portion thereof, as Confidential shall mark

EXECUTION COPY

the same with the following or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL -

SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential Legend").

2.    All confidential information, documents or things shall be used by the receiving

party or parties (and his, its or their controlled affiliates listed on attachment "A") solely for

purposes of the prosecution or defense of William Burris v. Main Line Health System and Saint

Charles Borromeo Roman Catholic Seminary (hereinafter "Case"), and shall not be disclosed by

the receiving party or parties to anyone other than those individuals set forth in Paragraph 3,

unless and until the restrictions herein are removed either by written agreement of counsel for the

Parties, or by order of the Court.

3.    Confidential information, documents or things and the contents of Confidential

information, documents or things may be disclosed only to the following individuals under the

following conditions:

        a.    Outside counsel who have entered their appearance in the above-captioned litigation (defined as any attorney at the parties' outside law firms);

        b.    Outside experts or consultants retained by a party or outside counsel for purposes of this Case, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

        c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of outside counsel or outside experts or consultants;

        d.    The Court and court personnel;

        e.    Any deponent in this Case may be shown or examined about any information, document or thing designated Confidential, and the contents of any document or thing designated as Confidential, if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

        f.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings in this Case including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic,

        EXECUTION COPY

and clerical employees whose duties and responsibilities require access to such materials; and

g.   The parties. In the case of parties that are corporations or other entities, "party" or "parties" shall mean additional counsel employed by the receiving party or parties (and his, its or their controlled affiliates listed on attachment "A"), who have been involved in the Case, and executives or other management personnel under the direction or control of the parties who are required to participate in decisions with reference to this Case.

4.   Confidential information, documents or things, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5.   Information, documents or things, or any portion thereof, that the parties have determined for reasons they share with the Receiving Party that supports that the documents or information cannot be shared with the parties, may be marked with the additional designation of "FOR ATTORNEYS' EYES ONLY." Information marked with this designation may only be shown and discussed with counsel of record. To the extent any information is marked as FOR ATTORNEYS' EYES ONLY, the marking counsel of record shall provide both a redacted and an unredacted copy to the receiving counsel of record.

6.   If counsel for a party receiving information, documents or things designated as Confidential or For Attorneys' Eyes Only objects to such designation with respect to any such information, document, or thing, the Parties shall meet and confer in an attempt to resolve the disagreement over the designation. If the parties are unable to reach an agreement on the status of particular materials, the party objecting to the designation shall file a motion with the Court, seeking an order removing the Confidential or For Attorneys' Eyes Only designation.

7.   In the event that a Party wishes to use any confidential information, document or thing in any Affidavit, Brief, Memorandum of Law, or other paper to be filed with the Court in

EXECUTION COPY

this Case, that Party shall seek a Court order permitting the confidential information, document or thing to be filed under seal. Any request to seal documents filed with the Court shall comply with Local Civil Rule 5.1.5.

8.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of confidential information, document or thing that should have been designated as Confidential or For Attorneys' Eyes Only regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document, or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document, or thing as Confidential under this Confidentiality Order.

9.      The parties agree that any documents or things containing confidential information already produced in discovery (including initial disclosures) are subject to this Confidentiality Order. Consistent with Paragraphs 1 and 7, therefore, any party may designate as Confidential any information, document or thing that has already been produced.

10.     This Confidentiality Order shall survive the termination of this Case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

11.     The provisions of this Confidentiality Order are in addition to, not in lieu of, all protections provided by state and federal law.

EXECUTION COPY

12.     Upon final conclusion of this Case, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing confidential material or to destroy such material.

13.     The Court retains the right to allow, sua sponte or upon motion, disclosure of any subject covered by this stipulated confidentiality order or to modify this stipulated confidentiality order at any time in the interest of justice.

ENTRY OF THE FOREGOING STIPULATED CONFIDENTIALITY ORDER is hereby stipulated to by;

Dated: 4/27/16

Paul R. Rosen (Pa. I.D. No. 13396)
Andrew J. DeFalco (Pa. I.D. No. 84360)
SPECTOR GADON & ROSEN P.C.
1635 Market Street, 7th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8888
Facsimile: (215) 241-8844
*Attorneys for Plaintiff*
*William Burris*

Dated: 4/27/2016

David Smith (Pa. I.D. No. 21480)
David C. Dziengowski (Pa. I.D. No. 208342)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 751-2000
Facsimile: (215) 751-2205
*Attorneys for Defendant*
*Main Line Health System*

**[Signatures continued on following page]**

EXECUTION COPY

Dated: 4/27/16

Paige Macdonald-Matthes (Pa. I.D. No. 66266)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
200 Locust Street, Suite 400
Harrisburg, PA 17101
1.      Telephone: (717) 234-9730
Facsimile: (717) 234-9734
*Attorneys for Defendant Saint Charles*
*Roman Catholic Seminary*

SO ORDERED, this _____ day of _____, 2016.

Hon. Gene E. K. Pratter
United States District Judge

6                                                    EXECUTION COPY

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BURRIS, <br><br> *Plaintiff,* <br><br> v. <br><br> MAIN LINE HEALTH SYSTEM and <br> SAINT CHARLES BORROMEO <br> ROMAN CATHOLIC SEMINARY, <br><br> *Defendants.* | Civil Action No. 2:16-cv-00543-GEKP |

I, _____, being duly sworn, state that:

1.   I have carefully read and understood the provisions of the Discovery Confidentiality Order in this Case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

2.   I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

3.   I will keep all such confidential documents and information in a secure place and in a secure manner to prevent unauthorized access to it.

4.   I will limit use of Confidential Material disclosed to me solely for purpose of this action.

5.   No later than 60 days after the termination of this action, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

6.   I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Eastern District of Pennsylvania with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceeding related to contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        Signed: _____

**EXECUTION COPY**